**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIX ALVARADO FLORES, | No. 15-70716 |
| Petitioner, | Agency No. A029-307-512 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Felix Alvarado Flores, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

Substantial evidence supports the agency's determination that Alvarado Flores was both personally involved in and purposefully assisted persecution on account of political opinion, *see Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927 (9th Cir. 2006), shifting the burden to him to prove that he was not a persecutor, *see* 8 C.F.R. § 1240.8(d).  Alvarado Flores failed to carry that burden.  Thus, substantial evidence supports the agency's conclusion that Alvarado Flores was ineligible for withholding of removal.  *See id.* at 928-29 (persecutor bar applied where petitioner's actions were integral to furthering the persecution of others).

Substantial evidence also supports the agency's denial of CAT relief because Alvarado Flores failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Honduran government.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (fear of torture speculative).

**PETITION FOR REVIEW DENIED.**

15-70716